IN THE UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CASTRO & CO., LLC,<br>    *Plaintiff*, | §<br>§<br>§ |
| v. | §     CIVIL ACTION 4:18-CV-128-Y |
| | § |
| FIDELITY BROKERAGE SERVICES, LLC<br>    *Defendant*. | §<br>§ |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff CASTRO AND CO., LLC. ("Castro" herein), by its undersigned attorney, hereby files this First Amended Complaint against Defendant Fidelity Brokerage Services, LLC ("Defendant" herein), for damages under the laws of the United States and the State of Texas and alleges as follows:

### NATURE OF ACTION

The United States has tax treaties with a number of foreign countries. Under the treaties, residents of foreign countries are taxed at a reduced rate, or are exempt from U.S. taxes on certain items of income they receive from sources within the United States. In 1982, the United States entered into an Income Tax Treaty with Australia for the primary purpose of preventing double taxation and fiscal evasion.

Defendant Fidelity Brokerage Services, LLC, in violation of United States tax laws and the United States tax treaty with Australia, seeks to compel double taxation on Australian Nationals. Defendant's willful and intentional indifference of the law is inhibiting Castro from performing its contractual obligations arising from its existing contracts with Australian Nationals to extract their retirement funds with Defendant.

Castro seeks, among other forms of relief, actual damages, a declaratory judgment that Australia is the jurisdiction with the ability to tax Australian residents' pensions, and an order requiring Defendant to extract the retirement funds in accordance with constitutional and statutory standards.

## PARTIES

1. Plaintiff, CASTRO & CO., LLC, is a Wyoming Limited Liability Company, registered to conduct business in Texas whose principal address is 13155 Noel Rd., Suite 900, Dallas, Texas 75240.

2. Defendant FIDELITY BROKERAGE SERVICES, LLC, is a Delaware Limited Liability Company, registered to conduct business in Texas. FIDELITY BROKERAGE SERVICES, LLC's agent for service of process is C T Corporation System who may be served with process at the following address: 1999 Bryan St., Suite 900, Dallas, TX 75201. Service of said Defendant as described above can be effected by personal delivery.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the claims made in this Complaint pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1340, and 28 U.S.C. § 1357.

4. The Court has supplemental jurisdiction over the subject matter of Plaintiff's claims arising under Texas law pursuant to 28 U.S.C. § 1367(a) because Plaintiffs' state law claims are so related to Plaintiffs' federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

5. Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, by FED. R. CIV. P. §§ 57 and 65, and by the general legal and equitable powers of this Court.

6. Venue is proper in the Northern District of Texas and this Court pursuant to 28 U.S.C. § 1391 because Defendant has committed and continues to commit tortious acts in the State of Texas and this district.

## FACTUAL ALLEGATIONS

**CASTRO'S CONTRACTS**

7. Castro, an international tax law firm, is regularly retained by Australian Nationals who have worked in the U.S. and accrued U.S. retirement benefits to handle the extraction of retirement funds with Defendant. Pursuant to the terms of the contract, Castro agrees to and carries out various routine retirement extractions on behalf of such clients.

8. Once engaged by the Australian Nationals, Castro contacts Defendant to coordinate the retirement account extraction with Defendant on behalf of Australian National clients. Castro regularly handles this type of transaction with companies and has even handled other transactions of this nature through Defendant.

**RELEVANT LAW**

9. Castro's clients are Australian Nationals that are classified as "nonresident aliens" under the Internal Revenue Code,[1] and as "residents" of Australia by the U.S.-Australia Income Treaty.[2]

10. The U.S.-Australia Income Treaty is applicable to Castro's clients retirement funds by both the treaty and U.S. Tax Law.

11. Section 894 of the Internal Revenue Code expressly mandates:

> "The provisions of this title shall be applied to any taxpayer with due regard to any treaty obligation of the United States which applies to such taxpayer."

---

[1] 26 U.S.C. § 894(a).
[2] *See* Convention on Double Taxation Taxes on Income, Aug. 6, 1982, art. 3, ¶ 1(a), U.S.-Austl., Aug. 6, 1982, https://www.irs.gov/pub/irs-trty/aus.pdf [https://perma.cc/3XCV-9MKQ]

12. Section 1.894-1 of Title 26 of the Code of Federal Regulation further provides, in pertinent part, as follows :

> "Income of any kind is not included in gross income and is exempt from tax under Subtitle A (relating to income taxes), to the extent required by any income tax convention to which the United States is a party."[3]

13. Article 18 of the U.S.-Australia Income Treaty provides:

> "Subject to the provisions of Article 19 (Governmental Remuneration), pensions and other similar remuneration paid to an individual who is a resident of one of the Contracting States in consideration of past employment shall be taxable only in that State." [4]

14. Thus, as nonresidents of the U.S. and residents of Australia, pensions paid to Castro's clients in consideration of past employment – such as their U.S. retirement funds with Defendant – are taxable only by Australia.

15. To obtain a reduced rate[5] under an income treaty, the requirements of Section 1.1441-6 of Title 26 of the Code of Federal Regulations must be met. The withholding agent (Defendant) must make the determination of the U.S. or foreign status of the payee (Castro's clients). The determination is made on the basis of a withholding certificate that is a Form W-8 or a Form 8233 indicating foreign status of the payee or beneficial owner.[6] In all cases in issue herein, Castro submitted a valid Form W-8BEN on the client's behalf.

---

[3] 26 C.F.R. §1.894-1(a).
[4] *Id.* at art. 18, ¶(1).
[5] 26 C.F.R. 1.1441-1(c)(11) For purposes of regulations under chapter 3 of the Code, and other withholding provisions of the Code, the term reduced rate, when used in regulations under chapter 3 of the Code, shall include an exemption from tax.
[6] 26 C.F.R. 1.1441-6(a).

**INTERFERENCE WITH CASTRO'S CONTRACTS**

16. Unfortunately, in the course of handling the extraction of the retirement funds, Defendant has inexplicably decided to disregard the extraction instructions provided by Castro on behalf of Castro's clients. Instructions specifically in line with relevant law as cited above.

17. Castro's extraction instructions - to issue the IRA distribution without withholding taxes – are in accordance with the U.S.-Australia Income Tax Treaty. Defendant refused to follow the instructions and justified their deliberate indifference to Castro's instructions on the basis that it would be liable for the taxes not withheld.

18. Castro addressed Defendant's objections with a legal opinion letter and furnished Defendant the required documentation (W-8BEN). Under relevant law, by providing the W-8BEN Defendant is, by statute, indemnified from any liability should the U.S. Government subsequently determine that a tax was indeed due and owed on a foreign individual's withdrawal.

19. Nevertheless, Defendant refused to follow Castro's instructions for the extraction, thereby inhibiting Castro from performing its contractual obligations and interfering with Castro's contracts. As a result of Defendant's interference, Castro has suffered actual damages based on lost revenue under the contracts with various Australian-National clients similarly situated with Defendant, opportunity cost of working to minimize the consequences of Defendant's deliberate mishandling of the extraction, and loss of good will.

**COUNT I**
**Declaratory Judgment and Injunctive Relief**

20. Castro incorporates by reference the allegations contained in paragraphs 1-19 as if fully set forth herein.

21. An actual and substantial controversy exists between Castro and Defendant over the handling of the extraction of the retirement funds. Defendant refuses to refrain from

withholding taxes from Castro's client's retirement funds on the basis that doing so will result in exposing Defendant to liability for the taxes. Castro contends that Australia is the proper jurisdiction to tax the retirement funds pursuant to the U.S.-Australia Income Treaty and that the submission of the Form W8-BEN precludes Defendant from any liability for the taxes as set forth in 26 C.F.R. §1.1441-7.

22. This case is justiciable because Castro is currently refrained from completing is contractual obligations – withdrawing client's funds – because of Defendant's refusal to follow the law.

23. Castro has no plain, speedy, and adequate remedy at law. Therefore, pursuant to 28 U.S.C. § 2201 *et seq.*, Castro requests a declaration by the Court that the provisions of the U.S.-Australia Income Tax Treaty govern the proper taxing jurisdiction of an Australian resident individual (Castro's clients) with U.S. based retirement funds.

## COUNT II
### Tortious Interference With an Existing Contract

24. Castro incorporates the allegations contained in paragraphs 1-23 as if fully set forth herein.

25. The elements to recover damages for a tortious interference with an existing contract claim, Plaintiff must meet the following elements: (1) the existence of a contract subject to interference; (2) a willful and intentional act of interference with the contract; (3) that proximately caused the plaintiff's injury; and (4) caused actual damage or loss.[7]

26. Castro is a party to contracts with Australian-National clients to handle the extraction of retirement funds with Defendant.

---

[7] *See ACS Investors, Inc. v. McLaughlin*, 943 S.W.2d 426, 430 (Tex. 1997).

27. Defendant has willfully and intentional interfered with Castro's contracts. Specifically, Defendant has disregarded Castro's extraction instructions to distribute the retirement funds without withholding taxes despite Defendant having received the requisite documentation (Form W-8BEN) for to permit Castro's client's claim for exemption of the taxes under the U.S.-Australia Income Tax Treaty.

28. Defendant's intentional disregard of United States Tax Law and the Treaties of the United States is directly preventing Castro from performing its contractual obligations to its Australian-National clients. Defendant's interference has caused Castro actual damages from lost revenue of the contracts regarding the extractions, opportunity cost of working to minimize the consequences of Defendant's deliberate mishandling of the extraction, and loss of good will.

## DAMAGES

29. As a direct and proximate result of Defendant's acts and/or omissions, Castro has suffered actual, consequential and/or incidental monetary damages.

30. Castro seeks the recovery of:

   (a) all of its general, actual, special, and consequential damages, specifically including, without limitation, Castro's lost profits from its contracts;

   (b) costs of court;

   (c) pre-judgment and post-judgment interest as allowed by law; and

   (d) attorney's fees;

31. Castro also seeks:

   (e) declaratory judgment that the provisions of the U.S.-Australia Income Tax Treaty govern the proper taxing jurisdiction of an Australian resident individual with U.S. based retirement funds; and

(f) injunctive relief ordering Defendant to extract the retirement funds in accordance with U.S. Tax Laws and the U.S.-Australia Income Tax Treaty.

## JURY DEMAND

32. Pursuant to Fed. R. Civ. P. 38, Castro hereby requests a trial by jury on all issues.

## PRAYER

WHEREFORE, Plaintiff Castro & Co., LLC prays that Defendant Fidelity Brokerage Services, Inc. be summoned to answer this Complaint, and that upon jury trial, the Court enter judgment awarding Plaintiff all damages sought, including costs of court, pre- and post-judgment interest at the highest rate allowed by law, attorney's fees, a declaration that Australia is the proper jurisdiction to tax Plaintiff's client's retirement funds, and an injunction ordering extraction of the retirements in accordance with the laws of the U.S. and the U.S.-Australia Income Treaty, and any other relief, in law and in equity, to which Plaintiff may be entitled.

Dated: April 27, 2018                                              Respectfully submitted,

*Josh Milam*
**JOSHUA S. MILAM**
State Bar No. 24102203
j.milam@castroandco.com

**CASTRO & CO., LLC**
13155 Noel Road, Suite 900
Dallas, Texas 75240
Tel: (214) 998-9607
Fax: (866) 700-7595
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2018, a true and correct copy of the foregoing document was served in accordance with the FED. R. CIV. P. 5(b)(2)(E) on the following attorney(s) of record:

Ronald L. Miller
**NORTON ROSE FULBRIGHT US LLP**
2200 Rose Avenue, Suite 3600
Dallas, Texas 75201
Fax: (214) 855-8200
ron.miller@nortonrosefulbright.com
**ATTORNEY FOR DEFENDANT**

*Josh Milam*
JOSHUA S. MILAM